IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

QSI-Fostoria DC, LLC, et al.                                   Case No. 3:02CV7466

        Plaintiffs

  v.                                                                              ORDER

General Electric Capital Business Asset Funding Corp.,

        Defendant.

This is a diversity case, initially filed in Seneca County, Ohio, Court of Common Pleas and removed to this court. Pending is General Electric's motion to enforce settlement.

This case began as a suit by a building owner, QSI-Fostoria DC, LLC (QSI) against a successor in interest to an occupant of the premises, the defendant General Electric Capital Business Asset Funding Corp. (General Electric). Intervenor BACM 2001-1 Central Park West, LLC (BACM) subsequently acquired the premises.

QSI and BACM dispute which of them is entitled to recover damages due and owing from General Electric. In earlier rulings, I have concluded that QSI is entitled to those monies.

General Electric contends that, on October 22, 2004, General Electric and QSI negotiated a settlement containing five essential terms: 1) QSI would dismiss with prejudice its lawsuit against General Electric; 2) General Electric would pay QSI $972,500; 3) the parties would stipulate to a Consent Order protecting General Electric from double liability in the event that General Electric later becomes liable to BACM; 4) General Electric would not be required to pay any money to QSI until the entry of the Consent

Order; and 5) confidentiality of the settlement.

Settlement agreements are a form of contract and are governed by Ohio law. *See In re Rhoades Undus., Inc.*, 162 B.R. 485, 489 (Bankr. N.D. Ohio 1993). I have full authority to enforce settlement agreements arising out of litigation from this court. *See Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). A settlement agreement is enforceable if there is a meeting of the minds as to the essential terms of the contract and the contract is supported by consideration. *See Kostelnik v. Helper*, 96 Ohio St 3d 1 (2002).

The correspondence between the parties demonstrates that both parties believed they had reached a settlement. Nevertheless, the parties appear to have understood the terms of that agreement quite differently. The correspondence thus reflects continued, if imperfect, negotiation and mutual attempts at clarification.

The sticking point is General Electric's protection from double liability were BACM to successfully appeal my earlier decision that QSI, rather than BACM, is entitled to recover damages from General Electric.

General Electric, most understandably, wants to avoid all risk of having to pay such damages twice. Avoiding such risk is, however, nearly impossible without the consent of BACM. Unsurprisingly, BACM, is not willing to give such consent, as that would require it to forego any prospect of recovery against General Electric. BACM is also concerned that, if it agrees to a single payment by General Electric to QSI, the funds will be expended or otherwise distributed by QSI, which then might well be judgment-proof in the event that the Court of Appeals ruled in BACM's favor on the issue of entitlement to recover from General Electric.

In an attempt to work around this difficulty, the parties have discussed several alternative means for protecting General Electric. General Electric seems to believe this is enough — that the parties agreement that "the goal of the order is [to] protect GE" (Doc. 135, Exhibit 1) constitutes a binding and enforceable settlement between it and QSI.

While the parties may have shared a common goal, I see no evidence that they agreed on how to reach it. An agreement to agree generally is unenforceable absent a manifestation of an intention to be bound by specific, definite terms. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St. 3d 497, 503 (1994). A mere agreement to principles which are subject to future negotiation is unenforceable. *Id.*

Because the parties have not agreed on the content or form of the proposed consent order, there was no meeting of the minds as to a settlement of all disputes between QSI and General Electric. The motion to enforce settlement shall be denied.

## Conclusion

In light of the foregoing, it is

ORDERED THAT defendant's motion to enforce settlement be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge