IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

QSI-Fostoria D.C., LLC,                                                    Case No. 3:02CV7466

       Plaintiff

  and                                                                               ORDER

BACM 2001-1 Central Park West, LLC,

       Plaintiff-Intervenor,

  v.

General Electric Capital Business,

       Defendant

This is a suit between a former building owner (QSI-Fostoria D.C., LLC) [QSI] and a former tenant (General Electric Capital Business Asset Funding Corporation) [GE], whose failure to vacate the premises in a timely manner caused financial losses to QSI. Thereafter QSI transferred the premises to the intervening plaintiff, BACM 2001-1 Central Park West, LLC (BACM).

QSI and BACM each claim to be entitled to the damages incurred as a result of GE's delayed departure from the premises. I have ruled in QSI's favor as to a portion of the claims in dispute between it and BACM.

After that ruling, GE offered to settle. It understandably insisted, however, on doing so with both QSI and BACM, rather than just one of those parties. GE reached a tentative agreement with QSI, but has been unable to do so with BACM.

Because this is a non-jury case, I have referred it to other judicial officers on at least two occasions for settlement conferences. The most recent of these was before the Hon. Vernelis K. Armstrong, United States Magistrate Judge.

Prior to the conference, I ordered "[p]arties with settlement authority are required to attend the settlement conference in person . . . ."

After the conference was concluded unsuccessfully, QSI and GE filed motions for sanctions under Fed. R. Civ. P. 16(f). The basis for the motions was the fact, which is not contested, that the representative sent by BACM (after denial of a request to permit its representative to participate by telephone) did not have <u>full</u> authority to negotiate on behalf of BACM. Indeed, he had no authority to negotiate: he had been instructed simply to confirm a demand by BACM that it previously had rejected.

Given that posture, and the complete inability of BACM's representative to negotiate on the spot independently, the settlement conference was a failure; it was, moreover, most likely doomed to fail before it even began.

Certainly I, the Magistrate Judge, and the other parties expected that BACM would send someone who had authority to <u>negotiate</u> – that is, to listen attentively to the views of the Judge, reflect thoughtfully on its position in light of those views, and engage in the give and take, back and forth that are characteristic of settlement negotiations.

I granted the motion for sanctions, finding that BACM had failed to comply with my order that it be represented by someone with "settlement authority".

Pending are a motion for reconsideration of that order and to stay enforcement of that order pending adjudication of the motion to reconsider. QSI and GE oppose the motion to reconsider. It shall, however, be granted, as I conclude that, contrary to my interpretation in the sanctions order of the underlying order directing BACM to send a person with "settlement authority," that directive was not sufficiently unambiguous to justify imposing monetary sanctions.[1]

I conclude, in other words, that I made clear errors of both law (in interpreting my underlying order) and fact (that BACM's counsel and his client understood that someone with full settlement authority, and the ability to negotiate in good faith had to attend the conference).

The fact that most attorneys who come to settlement conferences understand this is how the directive is to be read indicates that having "settlement authority" means to have real authority to negotiate, change position, and reach a compromise that, typically, differs from what the client and counsel wanted or expected before the conference. That is the way a settlement conference is supposed to work.

To be sure, not all cases settle simply because the court holds a settlement conference. And sometimes parties refuse to move off positions that they previously have taken. More often, though, even where a client's representative comes with instructions to maintain a bottom line, and fall back no further, the case is resolved with some additional retreat by the client.

Nonetheless, I cannot conclude, in light of the contentions in BACM's motion to reconsider, that it was either accurate or fair to find that counsel and client understood that it did not suffice simply to send someone who had "settlement authority" in the sense that he would repeat the offer that had been rejected

---

[1] The motion to stay shall be overruled as moot.

previously, and do nothing to compromise. That finding, I am now convinced, was a substantial error of fact, and justifies granting the motion to reconsider.

This is not to say that I approve of or condone sending someone to the settlement conference who simply repeats and remains in the same position that the party has asserted previously. On occasion, where both parties agree that settlement is hopeless, and I am contacted in advance and am persuaded that their view appears well taken, I have cancelled settlement conferences. It makes no sense to have two parties take my time and theirs where they are both absolutely unwilling to negotiate or consider changing position, or to do so to a degree that makes settlement possible.

Where, though, only one party is contending that settlement is not possible, and asserts that it will not budge no matter what, I generally hold the conference. As mentioned in the order which I presently am vacating, clients who hear firsthand a judge's views about the apparent strengths and weaknesses of their case frequently wind up reconsidering their positions.

Again, that does not mean that settlement always results when the parties hear from the judge; but it occurs often enough to justify insisting that the client's representative at the conference be able to make up his or her mind then and there to accept an offer that earlier had been rejected, and which the representative fully expected to continue to reject before the conference began.

One final note: so far as I am aware, no federal judge in this District, and I suspect, no federal judge in the neighboring Southern District, permits someone to attend settlement conferences other than a representative who has real and full authority to participate on the client's behalf. This is so even in instances, such as when a public entity is a party, where final approval is contingent on action by others. What matters is that the representative have sufficient standing and stature to give counsel and the court substantial reason to believe that the client will accept the recommendation of its representative.

A representative of such stature and standing did not attend the conference in this case before the Magistrate Judge. I trust that that will not happen again in this or any other case assigned to my docket, and in which I have ordered (as now I do in my case management orders) that

> Parties are to appear in person with lead trial counsel; where a party is other than a natural person (e.g., corporation, governmental agency, etc.) a representative with <u>full and real</u> authority to negotiate and settle the case is to attend the conference.

(Emphasis supplied).

I trust that that is sufficiently unambiguous to make my views clear. If not, I trust that this order fills in any gaps in anyone's understanding of what is expected under that directive.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the motion of the plaintiff-intervenor BACM to reconsider the order entered on June 24, 2005, be, and the same hereby is granted; on reconsideration, that order is vacated; the motion to stay is overruled as moot.

So ordered.

<pre>
                                       s/James G. Carr
                                       James G. Carr
                                       Chief Judge
</pre>