IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

QSI-Fostoria D.C., LLC,                               Case No. 3:02CV7466

        Plaintiff

   and                                                     ORDER

BACM 2001-1 Central Park West, LLC,

        Plaintiff-Intervenor,

   v.

General Electric Capital Business,

        Defendant

      This is a suit between a former building owner (QSI-Fostoria D.C., LLC) [QSI] and a former tenant (General Electric Capital Business Asset Funding Corporation) [GE], whose failure to vacate the premises in a timely manner caused financial losses to QSI. Thereafter QSI transferred the premises to the intervening plaintiff, BACM 2001-1 Central Park West, LLC (BACM).

      QSI and BACM each claim to be entitled to the damages incurred as a result of GE's delayed departure from the premises. I have ruled in QSI's favor as to a portion of the claims in dispute between it and BACM.

After that ruling, GE offered to settle. Believing that it had reached an enforceable settlement with QSI, GE filed a motion to enforce the settlement agreement, which was filed under seal.

Pending is a motion by BACM for an order directing that the motion to enforce settlement be unsealed and served on it. GE opposes that motion, which shall be denied.

BACM apparently wants to find out the settlement terms and conditions of its adversaries. Since BACM filed its motion to unseal and receive a copy of GE's motion to enforce settlement, I have, however, overruled that motion.

Thus, to the extent that the motion to enforce disclosed terms and conditions of the putative settlement, any such terms and conditions have no force and effect. The only benefit that BACM could derive would be strategic, as it might gain some insight (to the extent that details were disclosed in GM's motion) into the settlement postures of its adversaries.

It would serve no useful, or, in my view, proper purpose at this stage for BACM to be informed, absent the consent of QSI and BACM, about the terms and conditions of non-settlement between those two parties. Given the fact, as noted in other opinions in this case, that BACM has thus far resolutely refused to change its settlement position, it is particularly inappropriate for it to be informed about the status of negotiations between the other two parties.

In support of my conclusion that GE and QSI are entitled to have their positions remain confidential, I note that I, like many judges, routinely permit parties to keep their settlement positions confidential vis-a-vis their opponents.

I would also note that, in any event, I have no recollection of whether the parties' respective settlement positions were disclosed in the briefs relating to the motion to enforce settlement. If they were, I have no recollection whatsoever as to what those positions were.

It is, therefore,

ORDERED THAT the motion of BACM for an order compelling unsealing of GE's motion to enforce settlement be, and the same hereby is denied.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge