IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

QSI-Fostoria, D.C., LLC,                                        Case No. 3:02CV07466

       Plaintiff,

  v.                                                                            ORDER

BACM 2001-1 Central Park West, LLC,

       Plaintiff-Intervenor

  v.

General Electric Capital Business
Asset Funding Corporation,

       Defendant.

       This is a trespass action. QSI-Fostoria DC, LLC (QSI) originally filed suit against General Electric Capital Business Asset Funding Corporation (GE Capital) for failure to remove equipment from one of its facilities, which QSI had leased to Quality Farm and Fleet (Quality). BACM 2001-1 Central Park West, LLC (BACM), QSI's mortgagee took possession of the building in question through a Deed in Lieu of Foreclosure (Deed in Lieu), and subsequently intervened in this action. Jurisdiction exists under 28 U.S.C. § 1332.

       QSI and GE Capital have since settled. Pending is a motion by BACM to compel production of that agreement, which QSI and GE Capital desire be kept confidential. For the following reasons, the motion to compel will be granted.

**Background**

In 2000, QSI leased the facility at 130 West Jones Road, Fostoria, Ohio, to Quality for its feed business. Quality in turn leased equipment from GE Capital. In 2001, Quality's business failed and it filed bankruptcy in the Western District of Michigan. Unable to meet its obligations, Quality rejected both the QSI and the GE Capital leases. QSI thereon took control of the building.

In 2002, QSI asked GE Capital to remove its equipment from the building within sixty days. GE Capital did not do so for a year and a half and only after had QSI filed suit to force it to do so.

In the interim, QSI had looked for another tenant to lease the building. The presence of GE Capital's equipment, which was large and bulky, and which occupied considerable floor space, made rental to another tenant difficult. Consequently, QSI was unable to find a tenant to rent a significant portion of the facility.

Unable, for all practical purposes, to rent the premises, QSI defaulted in July, 2003, on its mortgage. By then BACM possessed the mortage. Rather than endure foreclosure proceedings, QSI and BACM agreed to the Deed in Lieu granting BACM legal title to the building. By this time, GE Capital had removed its equipment from the building.

The Deed in Lieu granted BACM all of the "intangible property" QSI used with the building. This provision, in BACM's view, entitled it to QSI's claim for damages against GE Capital, and arising as a result of the delay in removing the equipment. BACM sought leave to be substituted for QSI in the suit.

I overruled BACM's motion to substitute, but allowed it to intervene. BACM has since filed a cross-complaint against QSI alleging breach of the Deed in Lieu, fraud, the right to reform the Deed in Lieu, and a security interest in QSI's claims under the mortgage.

In the meantime, QSI and GE Capital have settled. Their settlement agreement includes a confidentiality clause, preventing either party from disclosing the terms and conditions of settlement. BACM served interrogatories and requests for production on QSI to discover the terms of the settlement agreement. QSI has resisted these discovery efforts.

## Discussion

Rule 26(b)(1) allows a party to discover unprivileged information relevant to a claim or defense. BACM contends that the QSI-GE Capital settlement agreement is relevant information with Rule 26. QSI responds by asserting a "settlement privilege" and by attacking the relevance of the requested information. Neither objection has merit.

First, the Sixth Circuit recognizes a general "settlement privilege" which protects settlement *negotiations* from discovery. *Goodyear Tire & Rubber Co. V. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). However, this privilege does not extend beyond actual negotiations to the terms of the final agreement. *Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F.Supp.2d 623, 629 (N.D. Ohio 2004). QSI, accordingly, may not rely on such purported privilege in these circumstances.

Second, case law specifically permits discovery like that at issue here. The Federal Rules work to eliminate the "sporting theory of justice." *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988) (citations omitted). In this instance, I assume, BACM wants to know whether GE Capital paid QSI enough money to justify, on the part of BACM, pursuit of those funds and continuation of this litigation. Not only its interests are at stake: the interest of this court in not having to spend time on litigation that ultimately may prove futile is also affected.

Thus, BACM should be able to learn if it can recover enough money from QSI to justify continuing with its cross-claims. *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 161 (N.D. Iowa 1994).

Moreover, the justification for allowing discovery of inadmissable insurance policies is analogous to this situation. In 1970, the Advisory Committee noted that liability insurance policies will be discoverable under Rule 26(b)(2)[1] because of the information's "practical significance ... in the decisions lawyers make about settlement and trial preparation." Fed. R. Civ. P. 26 Advisory Committee's Note.

This justification fits this case. Because QSI defaulted on the mortgage of the building, It makes little sense to put the parties through the hassle, not to say expense, of litigation only to find the dispute involved an insignificant amount. Such disclosure will ensure that both sides have a realistic perception of reality. *Id.*

## Conclusion

For the foregoing reasons, it is

ORDERED THAT BACM's motion to compel discovery of the QSI-GE Capital settlement agreement be, and hereby is granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge

---

[1] Pertinent liability insurance policies are now mandatory initial disclosures. Fed.R.Civ.P. 26(a)(1)(D).