IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

QSI-Fostoria D.C., LLC,                           Case No. 3:02CV7466

       Original Party Plaintiff,

&amp;                                                               ORDER

BACM 2001-1 Central Park West, LLC,

       Intervenor,

v.

General Electric Capital Business Asset Funding Corp.,

       Defendant,

This is a suit by a landlord against a former tenant in which the landlord's successor in interest has been permitted to intervene. In an earlier order I entered judgment in favor of the intervenor and against the landlord, having determined that the intervenor was entitled to certain funds that the landlord, pursuant to another prior order, had deposited in the Court's Registry.

Pending is the intervenor's motion for an order directing that the Clerk pay those funds to it. The landlord opposes the motion. For the reasons that follow, the motion shall be granted.

In its opposition to the pay-out motion, the landlord claims that the motion is premature because ownership of the funds has not been "fully adjudicated," and, in any event, if the landlord still had possession of the funds, no execution could issue against them.

The landlords' first argument is that the under 28 U.S.C. § 2042 funds in the Court's registry cannot be distributed until final adjudication of the parties' conflicting claims to ownership. In making this argument, the landlord misreads that provision, which provides, in pertinent part:

> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and *such money has remained so deposited for at least five years unclaimed* by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States, . . . .

[Emphasis supplied].

The funds at issue have most certainly not been "deposited for at least five years unclaimed." The cited provision has no bearing on into whose pocket the funds now should be paid. *See In re Craig's Stores of Texas Inc.*, 402 F.3d 522, 526 n.3 (5th Cir. 2005) ("A straightforward reading of this code section indicates that it has a specific and narrow application that is not relevant to this case.").

In any event, even if §2042 were applicable, the intervenor's right to the funds has, in the words of that provision, "been adjudicated." (Doc. 249, at 19, ¶ 1) ("judgment be, and the same hereby is entered in favor of [intervenor]] and against [landlord] in the amount of $108,656, plus interest from the date of receipt of such funds by [landlord]").

The parties's rights to those funds have been determined. There is nothing more for this court to do except release the funds to the party entitled to them.

I agree with the intervenor that whether it could levy execution against the landlord for the monies, were they still in the landlord's possession, is immaterial. This is so, because once funds

are deposited in a federal court pursuant to Rule 67 of the Federal Rules of Civil Procedure, "the court should determine ownership and make disbursements." *Craig's Stores*, *supra*, 402 F.3d at 524.

It is, therefore,

ORDERED THAT the motion of the plaintiff-intervenor BACM 2001-1 Central Park West, LLC for an order directing the Clerk to distribute funds in the Court's Registry be, and the same hereby is granted. BACM 2001-1 Cental Park West shall comply with Local Rule 67.2 (Disbursements) before the Clerk can release said funds.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge