IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

QSI-Fostoria D.C., LLC,                                       Case No. 3:02CV7466

        Plaintiff

       v.                                                            ORDER

BACM 2001-1 Central Park West, LLC,

        Plaintiff-Intervenor

       v.

General Electric Capital Business
       Asset Funding Corp.,

        Defendant


This is a suit arising from a failed distribution center near Fostoria, Ohio. The current parties are the former owner of the property, QSI-Fostoria D.C., LLC [QSI] and the assignee of a mortgage on the property, BACM 2001-1 Central Park West [BACM], which took a deed to the property in lieu of foreclosure.

During its more than five years pendency, this case has had a tangled procedural history. Some snarls, in the form of four pending motions, will be tended to in this Order.

### 1. BACM's Motion for Certification of Appealability [Doc. 252]

After summary judgment was granted in its favor on a breach of contract claim against QSI, BACM filed a motion for certification of appealability under Fed. R. Civ. P. 54(b). Rather than

focusing its response to the motion to certify on the merits under that rule, QSI premised its opposition on its then-anticipated motion for reconsideration.

QSI filed its motion for reconsideration on March 14, 2007. In view of that filing, I entered an order on April 3, 2007, overruling the motion to certify as premature, without prejudice. [Doc. 261]. Thus, that motion is not currently pending.

Because its overruling was without prejudice, BACM, if it so desires, may renew the motion, in which event I assume that QSI would oppose it [this time, with more elaboration of its opposition on the merits].[1]

## 2. BACM's Motion for Sanctions [Doc. 264]

After QSI moved for reconsideration, BACM moved for sanctions [as are customarily awarded by me whenever a party files and fails to prevail on a motion for reconsideration].

In this instance, however, I granted the motion in part. Thus its filing was not improper. Therefore, no sanctions will be awarded.

## 3. QSI's Motion For Extension of Time to Object and/or Respond to BACM's Third Set of Interrogatories [Doc. 268]

After being awarded summary judgment, BACM served interrogatories on QSI. QSI moved for an extension of time until after its motion for reconsideration had been adjudicated to answer the interrogatories. That motion has, as noted, been ruled on. The additional time sought by QSI [thirty days] has since passed.

The motion for extension of time is moot, and shall be overruled, without prejudice.

## 4. BACM's Motion to Compel Discovery [Doc. 275]

---

[1] If there now are timeliness issues re. such renewed motion [and I do not know that there are], they may be raised by QSI in its opposition to such renewed motion.

BACM seeks an order compelling answers to its third set of interrogatories and production pursuant to its Third Request for Production. Rather than respond to this motion directly, QSI refers to and incorporates arguments it made with regard to its earlier motion for an extension of time, *supra*.

I agree with BACM that, under all the circumstances of this case, permitting it to conduct the discovery it seeks is entirely proper. BACM shall answer the interrogatories and produce the requested documents by October 15, 2007.

BACM also seeks sanctions. That request shall be denied. If, however, QSI fails to answer the interrogatories and/or produce the requested documents, and I find its failure to do so is not justified, any attorneys' fees and costs incurred by BACM in response to or as a result of such failure shall be assessed against QSI.

## Conclusion

In light of the foregoing, it is

ORDERED THAT:

1. Leave granted to BACM, if it desires to do so, to file a renewed motion for certification under Fed. R. Civ. P. 54(b) on or before October 19, 2007; opposition due November 5, 2007; reply due November 15, 2007;

2. BACM motion for sanctions [Doc. 254] be, and the same hereby is overruled;

3. QSI's motion for an extension of time [Doc. 268] be, and the same hereby is overruled as moot; and

4. BACM motion to compel discovery [Doc. 275] be, and the same hereby is granted: QSI to answer interrogatories and produce documents by October 15, 2007; no sanctions imposed.

So ordered.

>s/James G. Carr
>James G. Carr
>Chief Judge